UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

**GARRY M. BILLICK**

    Plaintiff,

v.

**NCO FINANCIAL SYSTEMS, INC. a Pennsylvania Corporation**

    Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered corporation with the Colorado Secretary of State, having a registered agent at 7674 Reed Street, Arvada, Colorado 80003.

## PARTIES

8. Plaintiff Garry M. Billick is a natural person who resides in the City of Fort Collins, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant NCO FINANCIAL SYSTEMS, INC., (hereinafter "Defendant") is a Pennsylvania corporation operating from an address of 507 Prudential Road, Horsham, PA 19044 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. NCO FINANCIAL SYSTEMS, INC. is licensed with the State of Colorado as a debt collector.

## FACTUAL ALLEGATIONS

11. Sometime prior to October 1, 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

13. Beginning in November, 2011 the Defendant began a telephone calling campaign targeting the home telephone number of (970) 295-4748 of the Plaintiff.

14. Plaintiff believes that the telephone calls are being placed by numerous employee/agents of the Defendant. The actual identity of the employee/agents will be determined though the discovery process and the Plaintiff reserves his right to name additional Defendants as this information develops.

15. The Plaintiff has never received any benefit from the Defendant, does not have a business relationship with the Defendant and notified the Defendant that he did not owe them anything.

16. The Defendant, calling from "unknown"[1] telephone numbers, contact the Plaintiff's telephone numerous times per day, often as many as three times, refusing to identify themselves or state their purpose in calling.

17. The FDCPA 15 U.S.C. §1692d(6) requires that a debt collector must identify itself as a debt collector when making or placing a telephone call to a consumer.

18. During many of the telephone calls, the Plaintiff would answer the call only to have the call then terminated without any meaningful or purposeful communication.

19. The FDCPA prohibits "causing a telephone to ring or engaging in any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number", see 15 U.S.C §1692d(5).

20. The repeated call and hang-ups from the Defendant are annoying and harassing to the Plaintiff.

21. At no time has the Defendant provided to the Plaintiff a 30 day validation of debt notice. Such notice is required to be provided to the consumer within 5 days of the initial communication, see 15 U.S.C §1962g.

22. Beginning approximately February 1, 2011, the Defendant began contacting the Plaintiff at his place of employment, Novation Commercial Services at Novation's telephone number (800) 704-5413.

---

[1] "Unknown" displaying on the Plaintiff's caller I.D. unit.

23. The office manager at Novation advised the Defendant that the Plaintiff could not accept telephone calls at the business but the Defendant continued making calls to the business on a daily basis.

24. The Defendant reveled to the Office Manager that they were attempting to contact the Plaintiff concerning a "collections account."

25. The FDCPA prohibits a debt collector from communicating with anyone except the consumer, the consumer's attorney or a credit bureau about the alleged debt, see 15 U.S.C. §1692c(b).

26. The actions of the Defendant have caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692 d(5), 1692d(6), 1692e(11), 1692g, amongst others.

## *Respondeat Superior Liability*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

29. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

30. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

31. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## **TRIAL BY JURY**

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

 s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**

 s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
**Attorney for Plaintiff**